## Peters' Estate

*Morris Duane* and *William White, Jr.*, of *Duane, Morris & Heckscher*, for petitioner.

*Benjamin O. Frick*, for respondent.

VAN DUSEN, P. J., November 1, 1940.—The administrator c. t. a. of decedent had some shares of oil stock which were appraised as of no value. He offered the stocks for sale at public auction, at the house which is the centre

for the sale of items of this kind. Notice of the sale was sent to all creditors; the estate being insolvent. The sale was advertised three times in a newspaper of general circulation. The shares were knocked down to a purchaser, Ritchie, for $100, and the consideration paid, but the certificates have not been delivered.

Before arranging for the sale, the administrator c. t. a. had written to a man named Koetter offering the stocks. Why he wrote to Koetter does not appear. A day or two after the sale, he received a reply to the Koetter letter from a man named Brown who explained that the value of the stock depended on certain litigation and suggested that he could obtain an offer of $550. A few days later an offer of $550 came from the Louisville Refining Company with a check for 10 percent.

In this dilemma the administrator c. t. a. asked for a citation upon the purchaser, Ritchie, and upon the auctioneer, to show cause why he should not sell to the Louisville Refining Company.

Thereafter the Louisville Refining Company withdrew its offer and demanded return of its down money. The administrator c. t. a. nevertheless persists in what is in substance an effort to set aside the sale to Ritchie and Ritchie resists.

It is doubtful whether the Louisville Refining Company offer is binding on that company, as it was withdrawn before the administrator c. t. a. was in a position to accept it. The authorities which permit a fiduciary to repudiate its bargain when a better dollar appears in sight cannot apply to a case in which that dollar is doubtful. Orr's Estate, 283 Pa. 476, and Clark et al. v. Provident Trust Co. of Phila., Trustee, et al., 329 Pa. 421, should not be applied when there is no firm offer outstanding. Nothing has been shown to us which would justify setting aside the sale to Ritchie.

The petition is dismissed.